[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 16-15796; 16-17387

_____

D.C. Docket No. 6:15-cr-00249-CEM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EUGENE WARREN BREWINGTON,
a.k.a. Gene,
CHIMA EDOZIE ALIGWEKWE,
a.k.a. Six,

Defendants - Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(November 28, 2018)

Before TJOFLAT, MARCUS, and NEWSOM, Circuit Judges.

PER CURIAM:

Beginning in late 2010, Eugene Warren Brewington, Chima Aligwekwe, and others operated a fraudulent telemarketing scheme, directing teams of callers who falsely promised timeshare vacation property owners that their properties had sold so that the owners would give them money for fictitious closing costs. On December 2, 2015, a grand jury returned a 16-count indictment that charged Brewington and Aligwekwe with conspiracy to commit mail and wire fraud and with the commission of mail fraud.  Brewington was also charged with the commission of wire fraud.  A jury found Brewington guilty of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349; four counts of wire fraud in violation of 18 U.S.C. § 1343; and eleven counts of mail fraud in violation of 18 U.S.C. §§ 1341-42.  A jury found Aligwekwe guilty of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, and of mail fraud in violation of 18 U.S.C. §§ 1341-42. The District Court sentenced each defendant to serve 108 months' imprisonment followed by three years' supervised release.

Brewington appeals his convictions and sentences. He challenges his convictions on the following grounds:

- The entry of evidence of other crimes denied Brewington his constitutional right to a fair trial;
- The District Court should have granted his motion for mistrial and severed his trial because the joinder with co-defendants compromised the jury's ability to make a reliable judgment regarding his individual guilt or innocence.

And he challenges his sentences on the following grounds:

2

- The District Court erred by finding a four level role adjustment under U.S.S.G. § 3B1.1. where the government could not establish Brewington's role relative to that of other persons in the business, the appropriate number of participants, or how the business was otherwise extensive;
- The District Court relied on improper factors and failed to consider mitigating evidence under 18 U.S.C. § 3553(a) when it imposed a sentence at the highest end of the guidelines.

Aligwekwe also appeals his convictions and sentences. He challenges his convictions on the following grounds:

- The District Court erred in delivering a "deliberate ignorance" charge to the jury;
- The District Court erred by allowing irrelevant evidence regarding the type of automobile owned by Aligwekwe to be presented to the jury;
- Aligwekwe was denied a fair trial due to the cumulative errors made by the District Court.

And he challenges his sentences on the following grounds:

- The District Court erred by including acquitted and uncharged conduct in the calculation of his sentencing guideline range;
- The District Court erred by including acquitted and uncharged conduct in the calculation of his restitution;
- The District Court erred by overruling his objections to his Pre-sentence report;
- The sentence is substantively unreasonable given all of the sentencing factors and the characteristics of Aligwekwe.

We have carefully considered these issues and after entertaining briefing and oral argument find that they lack merit.

**AFFIRMED.**

3